Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588

Counsel for FCA US LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|   |   |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Old Carco LLC, *et al.*, | : Case No. 09-50002 (SMB) |
| | : |
| Debtors. | : Jointly Administered |
| | : |
| | : |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
| Wendy Hightman, on behalf of herself and all others similarly situated, | : Adv. Proc. No. 19-01333 (SMB) |
| | : |
| Plaintiff, | : |
| | : |
| -v- | : |
| | : |
| FCA US LLC, | : |
| | : |
| Defendant. | : |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY OF FCA US LLC IN SUPPORT OF ITS MOTION TO ENFORCE**
**THE COURT'S SALE ORDER AND TO DISMISS THE**
**FIRST AMENDED CLASS ACTION COMPLAINT**

SC1:5109151.2

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

REPLY ....................................................................................................................................3

I.    CLAIMS VIOLATIVE OF THE SALE ORDER MUST BE DISMISSED ......................3

II.   FCA US ASSUMED ONLY CERTAIN LIMITED LIABILITIES UNDER THE
      TERMS OF THE MTA THAT DO NOT INCLUDE HIGHTMAN'S CLAIMS..............4

      A.    FCA US's Limited Assumption of Liabilities Did Not Include Claims
            Based on Old Chrysler's Unconscionable Acts. .......................................................4

      B.    Hightman's "Affirmative Defense" Argument Does Not Save
            the Complaint....................................................................................................5

      C.    Hightman Misconstrues the MTA and Sale Order. .................................................8

III.  HIGHTMAN'S ATTEMPT TO RECHARACTERIZE HER UCL CLAIM
      SHOULD BE REJECTED...................................................................................9

CONCLUSION........................................................................................................................11

SC1:5109151.2

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Burton* v. *Chrysler Group, LLC (In re Old Carco LLC)*,
    492 B.R. 392 (Bankr. S.D.N.Y. 2013)...............................................................................3, 5, 9

*In re Chrysler LLC*,
    405 B.R. 84 (Bankr. S.D.N.Y. 2009), *aff'd*, 576 F.3d 108 (2d Cir. 2009), *cert.*
    *granted & vacating as moot sub nom. Ind. State Police Pension Trust* v.
    *Chrysler LLC*, 558 U.S. 1087 (2009)......................................................................................7

*Dearden* v. *FCA US LLC (In re Old Carco LLC)*,
    582 B.R. 838 (Bankr. S.D.N.Y. 2018)...............................................................................3, 10

*Folger Adam Security, Inc.* v. *DeMatteis/MacGregor, JV*,
    209 F.3d 252 (3d Cir. 2000)...............................................................................................6, 7

*Grimstad* v. *FCA US LLC (In re Old Carco LLC)*,
    Adv. Pro. No. 16-01204, 2017 WL 1628888 (Bankr. S.D.N.Y. Apr. 28, 2017))......................9

*Hispanic Indep. Television Sales, LLC* v. *Kaza Azteca America Inc.*,
    2012 WL 1079959 (S.D.N.Y. Mar. 30, 2012)............................................................................7

*IDEA Boardwalk, LLC* v. *Revel Entm't Grp., LLC (In re Revel AC Inc.)*,
    909 F.3d 597 (3d Cir. 2018)......................................................................................................7

*In re Lehman Bros. Holdings, Inc.*,
    No. 08-13555, 2011 WL 722572 (Bankr. S.D.N.Y. Feb. 22, 2011).........................................6

*In re Old Carco LLC*,
    538 B.R. 674 (Bankr. S.D.N.Y. 2015)......................................................................................7

*In re Old Carco LLC*,
    593 B.R. 182 (Bankr. S.D.N.Y. 2018).........................................................................3, 5, 10

*Overton* v. *FCA US LLC (In re Old Carco LLC)*,
    603 B.R. 877 (S.D.N.Y. 2019)......................................................................................... 3, 5-6

*In re Personal Commc'ns Devices, LLC*,
    556 B.R. 45 (Bankr. E.D.N.Y. 2016)........................................................................................7

*Ricks* v. *New Chrysler Group LLC (In re Old Carco LLC)*,
    Adv. Pro. No. 12-09801, 2013 WL 1856330 (Bankr. S.D.N.Y. May 2, 2013).........................5

*Sako* v. *Wells Fargo Bank, N.A.*,
    Case No. 14-cv-1034, 2016 WL 110513 (S.D. Cal. 2016)........................................................4

SC1:5109151.2

Defendant FCA US LLC ("FCA US"), hereby submits this reply (the "Reply") in further support of its Motion[1] [Dkt. No. 9] and in response to *Plaintiff Wendy Hightman's* ("Hightman") *Opposition to FCA US LLC's Motion to Enforce the Court's Sale Order and to Dismiss the First Amended Class Action Complaint* [Dkt. No. 11] (the "Opposition"). FCA US respectfully requests that the Court grant the Motion and overrule the Opposition for the reasons stated herein.

## PRELIMINARY STATEMENT

1.      Despite the tenor of the Opposition, Hightman is not simply seeking the costs of parts and labor based on FCA US's rejection of her demand for warranty coverage in July 2018. Hightman knows such a claim would fail because she did not comply with the terms of the Limited Warranty that would entitle her to such warranty coverage. Instead, Hightman is actually seeking to invalidate a material term of the Limited Warranty based on Old Chrysler's alleged wrongdoing and inclusion of purportedly unconscionable terms back in *2007* when she purchased the subject vehicle, and to be awarded damages for various breach of warranty, common law, and statutory claims. Hightman then further wants to pursue such damages claims on a nationwide class basis. These claims and damages are barred by Sale Order and MTA.

2.      The fundamental premise of all of the claims asserted in Hightman's Complaint is Old Chrysler's inclusion of purportedly unconscionable terms in the Limited Warranty. Hightman seeks to avoid the Sale Order entirely by wrongly attempting to position her unconscionability arguments as a mere "affirmative defense," and then misconstruing case

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

law addressing affirmative defenses in the bankruptcy sale context.  FCA US did not assume

warranty liabilities based on Old Chrysler's alleged wrongdoing, and the manner in which

Hightman presents her claims does not change that fact.

3.    Hightman, not FCA US, is the party who misunderstands the limits

imposed by the MTA and the decade of decisions issued by this Court interpreting various

aspects of the MTA and Sale Order.  Hightman concedes that Count IV (violation of California

False Advertising Law) and Count V (violation of California Consumer Legal Remedies Act) are

barred by the Sale Order, and does not contest the Motion as to those claims.

4.    Hightman, however, attempts to save the remainder of the Complaint

through a series of arguments based on the false premise that FCA US "assumed the Lifetime

Warranty through operation of the Master Transaction Agreement and Sale Order."  (Opp. at 6.)

The effect of the MTA is far more narrow because there was no actual contract assumption.

Rather, there was a limited assumption of liabilities as set forth in section 2.08 of the MTA and

paragraph 19 of the Sale Order that operates as an exception to a blanket exclusion of warranty

liabilities.  This Court has previously made clear that FCA US did *not* assume all warranty

claims generally, and Hightman's claims here are beyond the scope of the limited Assumed

Liabilities.

5.    Finally, while seeming to acknowledge any claim against FCA US for

violation of California Unfair Competition Law ("UCL") based on Old Chrysler's actions is

barred, Hightman attempts to reposition the claim as a post-Closing Date claim against FCA US.

But the actual allegations pled in the Complaint cannot form the basis of FCA US liability and

thus do not support such a claim; therefore Count VI is also barred as pled.  As a result, the

Complaint must be dismissed because it violates the Sale Order.

-2-

## **REPLY**

## I.    **CLAIMS VIOLATIVE OF THE SALE ORDER MUST BE DISMISSED**

6.    As an initial matter, the Opposition wrongly asserts that FCA US's Motion should be denied if there is any legally cognizable theory of recovery, irrespective of damages limitations imposed by the Sale Order and MTA.  (Opp. at 11-12.)  As this Court has repeatedly explained, in a "contested matter to enforce the Sale Order and related agreements, the Court's role is to serve as a gatekeeper to determine whether the claims asserted against [FCA US] are barred by the Sale Order [and] the MTA."  *In re Old Carco LLC*, 593 B.R. 182, 189 (Bankr. S.D.N.Y. 2018); *aff'd Overton* v. *FCA US LLC (In re Old Carco LLC)*, 603 B.R. 877 (S.D.N.Y. 2019).

7.    If a claim is prohibited by the Sale Order or the MTA, it must be dismissed.  *Dearden* v. *FCA US LLC (In re Old Carco LLC)*, 582 B.R. 838, 843 (Bankr. S.D.N.Y. 2018).  This includes claims asserting damages that are barred by the Sale Order or the MTA, such as punitive or exemplary damages.  *In re Old Carco LLC*, 593 B.R. at 198 (dismissing wrongful death claim seeking punitive damages).  Where, as here, claims are asserted for breach of warranty that seek damages beyond the costs of repairing parts and labor, the claims do not pass through the bankruptcy gate and must be dismissed.  *See Tatum* Order at Ex. A; *Burton* v. *Chrysler Group, LLC (In re Old Carco LLC)*, 492 B.R. 392, 398 (Bankr. S.D.N.Y. 2013) (holding written warranty liabilities assumed only "limited to the costs of parts and labor").

SC1:5109151.2

II.    **FCA US ASSUMED ONLY CERTAIN LIMITED LIABILITIES UNDER THE TERMS OF THE MTA THAT DO NOT INCLUDE HIGHTMAN'S CLAIMS**

    A.    **FCA US's Limited Assumption of Liabilities Did Not Include Claims Based on Old Chrysler's Unconscionable Acts.**

       8.    Hightman's entire Complaint is premised on misplaced allegations that the inclusion by Old Chrysler of the inspection requirements in the Limited Warranty was unconscionable in 2007 when the Limited Warranty was provided.  As detailed in the Motion (at 8-11), the allegations that are the basis for each and every claim asserted in the Complaint involve statements and actions taken by Old Chrysler in connection with the sale of the Jeep Patriot to Hightman prior to FCA US's existence.  This is unsurprising given that the terms of the Limited Warranty can only be found to be unconscionable under California law based on facts and circumstances "evaluated at the time the contract was made."  *Sako* v. *Wells Fargo Bank, N.A.*, Case No. 14-cv-1034, 2016 WL 110513, *7 (S.D. Cal. 2016).

       9.    Hightman falsely asserts that FCA US is attempting to convert her contract claims into a tort action.  (Opp. at 8.)  Rather, FCA US is asking this Court to enforce the limits on the scope of Assumed Liabilities relating to warranty claims.  The limited assumption of liabilities relating to warranties does not include claims or damages theories relating to Old Chrysler's alleged conduct or actions.  Tellingly, the only provision of the MTA cited to anywhere in Hightman's Opposition in support of her claims being Assumed Liabilities is section 2.08(g) of the MTA.

       10.    Yet, as this Court has long-ago confirmed, FCA US assumed a very narrow scope of warranty liabilities pursuant to section 2.08(g), limited to the "repair costs" themselves and "did not assume any other breach of warranty claims" for vehicles manufactured

and sold by Old Chrysler.  *Tatum* Order at Ex. A; *Burton*, 492 B.R. at 398 (holding written

warranty liabilities assumed only "limited to the costs of parts and labor"); *Ricks* v. *New*

*Chrysler Group LLC (In re Old Carco LLC)*, Adv. Pro. No. 12-09801 (SMB), 2013 WL

1856330, at *5 (Bankr. S.D.N.Y. May 2, 2013) (dismissing breach of warranty claim because

warranty liability limited to the costs and labor of parts of a covered factory warranty claim).

11.     As this Court has observed when deciding other Sale Order enforcement

issues, "[h]ere, Old Chrysler, New Chrysler and other stakeholders that participated in the

negotiation struck a bargain" reflected in the MTA.  *In re Old Carco LLC*, 593 B.R. at 189.  That

bargain must be enforced, and the scope of Assumed Liabilities cannot be expanded now to

include warranty claims and damages based on alleged bad acts of Old Chrysler.

**B.     Hightman's "Affirmative Defense" Argument Does Not Save
the Complaint.**

12.     Hightman does not actually dispute in her Opposition that FCA US did not

assume liability for Old Chrysler's allegedly bad acts that resulted in the purportedly

unconscionable inspection provision in the Limited Warranty.  Instead, Hightman argues that

irrespective of the terms of the MTA and Sale Order, she can assert unconscionability as an

affirmative defense to FCA US's denial of warranty coverage.  (Opp. at 6-9.)

13.     As an initial matter, for context, it is critical that the terms of the Sale

Order and MTA be enforced to ensure FCA US receives the benefit of its bargain.  *See Overton*,

603 B.R. at 888 (affirming enforcement of this Sale Order and recognizing that the court must

consider the "well-established public policy of upholding the finality of sale orders issued by

bankruptcy courts to encourage potential acquirers to make bids on assets in bankruptcy")

SC1:5109151.2

(quoting *In re Lehman Bros. Holdings, Inc.*, No. 08-13555, 2011 WL 722572, at *6 (Bankr.

S.D.N.Y. Feb. 22, 2011).

14.     Beyond these important bankruptcy policy considerations, Hightman is

wrong that the "Sale Order has no effect" on her unconscionability argument because it is "an

affirmative defense." (Opp. at 8-9.)  The cases Hightman cites for this proposition miss the

point.  Critically, here it is Hightman who is the plaintiff in the underlying litigation, who,

through the claims asserted in the Complaint, seeks to recover monetary damages from FCA

US—the opposite of the facts in the cases cited.  Affirmative defenses might become relevant in

this context if FCA US was pursuing claims against Hightman and she then sought to defend

herself.  Hightman's view is that if her unconscionability argument were to succeed on the

merits, then FCA US "will be responsible to honor the Lifetime Warranty's terms in the absence

of the Inspection Clause." (Opp. at 9.)  That is the problem.  Hightman seeks to force FCA US

to first litigate about the appropriateness of Old Chrysler's Limited Warranty provisions, and

then potentially face a significant increase in the scope of Assumed Liabilities if Hightman were

to succeed.

15.     By contrast, in *Folger Adam Security, Inc.*, upon which Hightman relies

and referenced in the other cases cited, the Third Circuit Court of Appeals held that recoupment

defenses to claims asserted by the purchaser who acquired assets were not subject to the 363 sale

order.  *Folger Adam Security, Inc.* v. *DeMatteis/MacGregor, JV*, 209 F.3d 252, 261 (3d Cir.

2000).  There, the Third Circuit expressly noted that the issue before the court was

distinguishable from cases conveying assets free and clear of interests because such cases

"involved affirmative *claims* brought by a creditor; none of these cases raised a defense to a

debtor's or purchaser's claim." *Id.* (emphasis in original).  The Court explained that the creditor

-6-

was "not seeking to recover money or an enforceable obligation of [purchaser], but rather, is

asserting only defenses to claims by [purchaser].  Indeed a defense seeks to diminish a claim or

to defeat recovery rather than share in it."  *Id.* at 260 (citing *Black's Law Dictionary* 419 (6th ed.

1990)).

16.     In fact, each of the cases that Hightman cites for her sweeping conclusion

that affirmative defenses have "long been recognized" as being outside of section 363(f) presents

similar narrow circumstances that are very different from those presented here.  Each case

addressed a situation where the defense at issue was recoupment (and, in some cases, also

setoff), which was being asserted in response to claims asserted by the debtor or asset purchaser

relating to claims arising prepetition.  *See Id.* at 261; *IDEA Boardwalk, LLC* v. *Revel Entm't

Grp., LLC (In re Revel AC Inc.)*, 909 F.3d 597, 601-02 (3d Cir. 2018); *Hispanic Indep.

Television Sales, LLC* v. *Kaza Azteca America Inc.*, 2012 WL 1079959, at *2 (S.D.N.Y. Mar. 30,

2012); *In re Personal Commc'ns Devices, LLC*, 556 B.R. 45, 51-52 (Bankr. E.D.N.Y. 2016).

These cases have no application here, where Hightman is attempting to invalidate terms of the

Limited Warranty for the express purpose of manufacturing an actionable claim against FCA US

for warranty claims that were not assumed in the MTA and are barred by the Sale Order.  This

type of end-run around the Sale Order is not permitted.

17.     Moreover, as this Court has explained, the Second Circuit Court of

Appeals—in reviewing the asset sale to FCA US—has endorsed an expansive view of "interests"

for purposes of section 363(f) of the Bankruptcy Code.  *In re Old Carco LLC*, 538 B.R. 674,

684-85 (Bankr. S.D.N.Y. 2015) (citing *In re Chrysler LLC*, 405 B.R. 84, 111 (Bankr. S.D.N.Y.

2009), *aff'd*, 576 F.3d 108, 123 (2d Cir. 2009), *cert. granted & vacating as moot sub nom. Ind.

State Police Pension Trust* v. *Chrysler LLC*, 558 U.S. 1087 (2009)).  Hightman's

unconscionability arguments are in fact barred by the Sale Order. But the Court does not need to reach the issue of whether any particular defense is included in the broad section 363(f) free and clear findings contained in the Sale Order because there is no affirmative defense to any claim by FCA US actually being asserted here. (*See* Sale Order ¶¶ 9, 35.)

### C.    Hightman Misconstrues the MTA and Sale Order.

18.    Hightman also wildly overstates the scope of the assumed warranty liabilities set forth in the MTA. Hightman incorrectly argues that FCA US assumed the Limited Warranty and therefore is liable for all obligations that flow from that, including unbounded damages claims for breach of warranty and breach of the implied covenant of good faith and fair dealing. (Opp. at 8, 9, 11.) Not true.

19.    In fact, as set forth in the Motion, FCA US disclaimed all warranty liabilities with respect to vehicles manufactured and sold by Old Chrysler, with three narrow exceptions: (1) repair obligations, limited to the costs of parts and labor, imposed by the terms of the factory warranty and any extended warranty, pursuant to section 2.08(g) of the MTA; (2) certain claims under federal and state Lemon Laws as specifically set forth in paragraph 19 of the Sale Order; and (3) certain liabilities for Products Liability claims arising from vehicle accidents, pursuant to section 2.08(h) of the MTA. Therefore, in reality, what FCA US did was assume a very limited set of obligations and liabilities under and related to factory warranties provided by Old Chrysler, including the Limited Warranty. FCA US did not generally assume claims or liabilities that might otherwise flow from issuing a factory warranty such as the Limited Warranty or could have been asserted against Old Chrysler.

20.    This Court has repeatedly affirmed and re-confirmed that FCA US "**did not assume liability for breach-of-warranty claims for vehicles sold prior to the Closing**

**Date**." *Tatum* Order at Ex. A (emphasis added); *see also Burton*, 492 B.R. at 398 ("New

Chrysler assumed written warranties, limited to the costs of parts and labor, and did not assume

any other warranty-related claims."); *Tulacro* Opinion at 6 (same); *Grimstad* v. *FCA US LLC (In

re Old Carco LLC)*, Adv. Pro. No. 16-01204 (SMB), 2017 WL 1628888, at *4 (Bankr. S.D.N.Y.

Apr. 28, 2017) (same).

21.     Hightman instead posits that FCA US should be liable for *all* monetary

damages arising from an alleged breach of the Limited Warranty, including for breach of

warranty under state law (Count II), breach of good faith and fair dealing (Count III), and

damages for breach of the MMWA (Count I).  (*See* Opp. at 6-11.)  Hightman simply cannot

assert claims seeking open-ended damages on various theories relating to a breach of warranty

claim.

22.     The Complaint asserts only claims and damages theories that go beyond

the costs of parts and labor for breach of the Limited Warranty's terms, or compensatory

damages under the MMWA for being unable to conform the vehicle to warranty in accordance

with paragraph 19 of the Sale Order, and therefore are plainly and expressly barred by Section

2.09(i) of the MTA and the Sale Order.

## III.    HIGHTMAN'S ATTEMPT TO RECHARACTERIZE HER UCL CLAIM SHOULD BE REJECTED

23.     Lastly, Hightman attempts to reposition her UCL claim as a post-Closing

Date claim based on FCA US's failure to honor the Limited Warranty that is not barred by the

Sale Order.  (Opp. at 12-13.)  Perhaps in recognition that any claim against FCA US for violation

of the UCL based on Old Chrysler's actions is prohibited, Hightman now attempts to

recharacterize her UCL claim as for FCA US breaching an independent statutory duty. (*Id.* at 13.)

24.    This Court has made clear in recent years that it will not, as gatekeeper, ultimately decide whether a complaint sufficiently pleads a post-Closing Date claim that is determined to pass through the bankruptcy gate and not precluded by the Sale Order and MTA. *See In re Old Carco LLC*, 593 B.R. at 199; *Dearden*, 582 B.R. at 846.  However, if the allegations upon which the supposed "post-Closing Date" claim are plainly barred by the Sale Order and MTA, then it must follow that the claim cannot be maintained—irrespective of whether the plaintiff could theoretically state such a claim under state law.

25.    Here, the Opposition itself formulates the UCL claim arising from "FCA's failure to 'honor the Lifetime Powertrain Warranty based on the unconscionable Inspection Clause.'"  (Opp. at 13.)  Further examination of the Complaint reveals that the premise of the UCL claim on its face, as pled, is the actions of Old Chrysler, not FCA US.  For example, the Complaint alleges that "FCA's misleading deceptive, unfair, and business acts and practices, as described throughout this Complaint, was and is in violation of the UCL.  FCA's conduct violates the UCL," including by "knowingly and intentionally concealing . . . **prior to purchase**" that the Limited Warranty included the inspection requirements." (Compl. ¶ 95 (emphasis added).)  The Complaint goes on to allege that "FCA's misrepresentations and omissions alleged herein caused Plaintiff and the other Class members to **make their purchases** of the Class Vehicles."  (*Id*. ¶ 96 (emphasis added).)

26.    The UCL claim, premised on Hightman's unconscionability arguments, is therefore seeking to impose liability for the actions of, and Limited Warranty issued by, Old Chrysler.  There is thus no factual or pleading questions for the California District Court to

decide.  Said differently, the UCL claim is barred by the MTA and Sale Order and cannot—at least as pled in this Complaint—survive for consideration on its merits.

## **CONCLUSION**

27.    For the foregoing reasons, and those set forth in the Motion, FCA US respectfully requests that the Court (i) grant FCA US's Motion, (ii) dismiss the Complaint, and (iii) award FCA US such other or further relief as the Court deems just and proper, including, but not limited to, all lawful costs and attorneys' fees.

Dated:    December 23, 2019
          New York, New York

*/s/ Brian D. Glueckstein*
Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588

*Counsel for FCA US LLC*

SC1:5109151.2